Harper, J.
If there had been an appeal on that ground on the part of the defendant, I should have thought the decree of the Ordinary establishing the demand of the creditor, Oates, was without jurisdiction and an absolute nullity, and consequently could be no foundation for the plaintiff’s judgement. The case of Ross & Campbell v. Chambers, 1 Bailey, 548, is fully in point. The case is stated in the marginal note, “ The Ordiuarv possesses no jurisdiction to call the suro *469 ties to an administration bond to an account for the actings and doings of their principal; and where the Ordinary made a decree against the sureties in favour of a creditor of the estate, an appeal from his decision was dismissed on this ground ; the decree itself being extra-judicial and inoperative.” T here are some other cases in which it has been held that the sureties of an administrator are not liable to be cited to account for the doings of their principal.
By the statute, 31 E. 3, st. 1, ch. 11, (2Br. Dig. 88, Tit. Ordinary,) the Ordinary is directed to depute administration, and it is directed that the administrator shall answer to creditors in the King’s Courts. By the statute 22 and 23, Ch. 2, st. 2, ch. 10, the Ordinary is directed to take security ; to call administrators to account, “ and make distribution of what re-maineth clear, (after all debts, funeral and just expenses of every sort first allowed and deducted,) &c.” Here then is the Ordinary’s jurisdiction — -to depute administration, take security and call the administrator to account, allowing debts and expenses which he has actually paid; the administrator being liable to creditors in the common law Courts of the country. The idea of a creditor’s suing in the Ordinary’s Court, is a very late novelty.
Teague v. Dendy, 2 M'C. Ch. 209.
Then the statement rendered to the Ordinary, admitting Oates’s debt, was entirely unofficial, unconnected with the Ordinary’s duties, and amounted to no more than if the administrator had entered a similar statement on his own book.' Could the administrator be held to have accounted for the money which he admitted to be in bis hands applicable to that debt, until he had actually paid it ? Could he be discharged from the claims of distributees by the Ordinary’s judgement that such a debt existed, if by any means he should afterwards avoid the payment of the debt ?' An administrator is not to retain funds in his hands for the purpose of making interest for creditors, but to pay them as soon as he has funds.
The demand of Oates was upon an open account, which did not bear interest. If the administrator had expressly agreed in writing to pay interest for forbearance, this would only have rendered him personally liable. He could not have bound the estate, and the sureties are nof bound for his personal debts, but only for his official acts. There being no appeal on the part of the defendant, the motion is dismissed.
Johnson and O’Neall, Js. concurred.